**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1. NIKOLE R. COLLINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: 18-CV-00249-JED-FHM** |
| | § | |
| **1. PEPSICO;** | § | |
| **2. BOTTLING GROUP, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants PepsiCo, Inc. (improperly named as "PepsiCo") and Bottling Group, LLC, file this Notice of Removal from the District Court of Tulsa County, Tulsa, Oklahoma, to the United States District Court for the Northern District of Oklahoma. In support of this removal, Defendants state as follows:

### I. <u>PROCEDURAL HISTORY</u>

1. On January 23, 2018, Plaintiff Nikole R. Collins, ("Plaintiff"), filed her Petition in the District Court of Tulsa County, Tulsa, Oklahoma, Case No.: CJ-2018-00310, against Plaintiff PepsiCo, Inc. ("PepsiCo") and Bottling Group, LLC ("Bottling Group") (collectively referred to as "Defendants"). *See Exhibit A* – Plaintiff's Petition.

2. On April 25, 2018, summons was issued by the Tulsa County District Court Clerk. *See Exhibit B* – Summons. Defendant PepsiCo, Inc. was served on April 30, 2018, via certified mail. *See Exhibit C* – CT Corporation, Service of Process Transmittal.

3. This removal is timely filed within thirty days of service, pursuant to 28 U.S.C. § 1446(b).

## II. NATURE OF THE SUIT

4. This lawsuit involves the alleged gender discrimination and harassment, presumably in violation of the Title VII of the Civil Rights Act of 1964, as amended ("Title VII").[1]

## III. GROUNDS FOR REMOVAL: DIVERSITY

5. As demonstrated more fully below, there is complete diversity among all parties to this suit and the amount in controversy exceeds $75,000.00. This Court therefore has original jurisdiction of this matter under 28 U.S.C. § 1332(a); and this matter is removable pursuant to 28 U.S.C. § 1441(a).

### ***Amount in Controversy***

6. The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). In her petition, Plaintiff affirmatively pleads that she is seeking relief "in excess of $75,000.00". *See Exhibit A* - Petition, prayer for relief. Thus, the amount in controversy exceeds $75,000, exclusive of interest and costs, and federal subject-matter jurisdiction exists.

### ***Citizenship***

7. In addition to an amount in controversy in excess of $75,000, the action must also be between citizens of different states. 28 U.S.C. § 1332(a)(1).

8. For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of

---

[1] In her Petition, Plaintiff refers to having filed her underlying charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and to having filed her Petition within 90 days of receipt of the Notice of Right to Sue, both of which are required by Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), a federal statute. *See* Exhibit A – Plaintiff's Petition.

mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff is a resident of Tulsa, Tulsa County, Oklahoma. *See* Petition, ¶ 1. Therefore, upon information and belief, Plaintiff was, at the time this action commenced, and still is domiciled in Oklahoma.

9. "In general, for jurisdictional citizenship, there are two types of business organizations: corporations and unincorporated associations." *Grynberg v. Kinder Morgan Energy, Ltd. P'ship,* 805 F.3d 901, 905 (10th Cir. 2015). For diversity purposes, "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Id. (internal citations omitted)*. "[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 197, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)). Under Oklahoma law, an LLC is an unincorporated association or proprietorship. Okla. Stat. tit. 18, § 2001(11).

10. Defendant PepsiCo, Inc. was, at the time this civil action commenced, and still is a citizen of the states of North Carolina and New York. PepsiCo is a corporation incorporated in North Carolina, with its headquarters and principal place of business in Purchase, New York. PepsiCo is therefore a citizen of the states of North Carolina and New York for purposes of diversity jurisdiction. *Id.*

11. Defendant Bottling Group, LLC was, at the time this civil action commenced, and still is a citizen of the states of Delaware and New York. Bottling Group is a Delaware limited liability company with its principal place of business in White Plains, New York. The members of Bottling Group, LLC are, Pepsi Bottling Holdings, Inc. ("PBH") and Bottling Group

Holdings, Inc. ("BGH"). PBH and BGH are both Delaware corporations, with their headquarters and principle places of business in Purchase, New York, and White Plains, New York, respectively. For purposes of diversity jurisdiction, Bottling Group is therefore a citizen of the states of Delaware and New York. Okla. Stat. tit. 18, § 2001(11); *Grynberg,* 805 F.3d 901, 905.

## IV. GROUNDS FOR REMOVAL: FEDERAL QUESTION

12. In addition to diversity jurisdiction, this Court also has original federal question jurisdiction of this matter. Federal question jurisdiction exists in all civil actions arising under the laws of the United States. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(b).

13. A lawsuit filed in state court is removable if it affirmatively alleges a federal claim. *Ben. Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S. Ct. 2058, 2064 (2003). The presence or absence of a federal question is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488 (2004);. Furthermore, under the "artful pleading" doctrine, "a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983). Removal is therefore permitted "when the plaintiff's right to relief requires resolution of a substantial question of federal law." *Id.*

14. Plaintiff brings claims of discrimination and harassment on the basis of sex, and alleges, with respect to such claims, that she "filed a claim with the EEOC. " The U.S. Equal Employment Opportunity Commission or "EEOC" is the federal agency charged with administering, among other federal statutes, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff further states that she filed suit within 90 days of her receipt of

a Notice of Right to Sue, which is a requirement of Title VII. Plaintiff makes no reference in her pleadings to any state anti-discrimination statute. However, based on the references to her EEOC claim and the timing requirement of filing suit, Plaintiff's claims are based on alleged violations of a federal statute (Title VII) over which this Court has original jurisdiction. Plaintiff cannot defeat removal by failing to specifically plead federal questions that are essential elements of her claim. *Schmeling v. NORDAM*, 97 F.3d 1336, 1339. Plaintiff's allegations and right to relief require resolution of a substantial question of federal law and removal is appropriate. *Id.*

15. Given that the federal court has original jurisdiction over such actions, removal to federal court is proper pursuant to 28 U.S.C. § 1441.

## V. VENUE

16. Under 28 U.S.C. § 1441(a), removal of this action to this Court is proper as the Northern District of Oklahoma embraces Tulsa County, Oklahoma, where this suit was filed and is pending.

## VI. PROCEDURAL REQUIREMENTS

17. As required by 28 U.S.C. § 1446(a), Defendants have obtained a copy of (i) all executed process, pleadings, and orders served on Defendants, (ii) the state court docket sheet, and (iii) all documents filed in state court relating to the Petition. *See* Exhibits A, B and D.

18. Defendants will give the Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

19. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the District Court of Tulsa County, Tulsa, Oklahoma, promptly after filing the same.

## PRAYER

In accordance with the requirements set forth in 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants respectfully request that this action be removed to this Court, that this Court accept jurisdiction, and for such other relief to which Defendants may be justly entitled.

Respectfully submitted,

/S/ Randall J. Snapp
Randall J. Snapp
OBA No. 11169
500 Kennedy Building
321 South Boston Avenue
Tulsa, Oklahoma 74103
Telephone: (918) 592-9855
Facsimile: (918) 599-6335

OF COUNSEL:

**CROWE & DUNLEVY**

And

/S/ Raymond A. Cowley
Raymond A. Cowley
(Motion *Pro Hac Vice* Granted)
SBN No. 9642
Texas State Bar No.: 04932400
1400 North McColl, Suite 204
McAllen, Texas 78501
Telephone: (956) 984-7400
Facsimile: (956) 984-7499

OF COUNSEL:

**DYKEMA GOSSETT, LLP**

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

J. Derek Ingle

*/s/ Randall J. Snapp*_____
Randall J. Snapp

3334316.1