## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NIKOLE R. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CV-249-JED-FHM |
| | ) | |
| PEPSICO, INC., | ) | |
| BOTTLING GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT STATUS REPORT

**JURY DEMANDED:**      Yes.

I.      **Summary of Claims:**

**Plaintiff:**

Plaintiff Nicole R. Collins brings this action for claims of gender discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* In particular, Plaintiff alleges that she was discouraged from getting pregnant or from having a family while employed.

**A. Claims to be Dismissed:**      Plaintiff:      None.

II.      **Summary of Defenses:**

Defendants deny Plaintiff's allegations, and assert, in particular, that Plaintiff was at all times treated lawfully and that her employment was terminated for a legitimate, non-discriminatory and non-retaliatory reason or reason(s). Defendants further raise as affirmative defenses that Defendant PepsiCo was not Plaintiff's employer and is not properly a party to the litigation. Defendants further affirmatively plead that they are entitled to an offset from damages for Plaintiff's interim earnings, and are entitled to a further offset insofar as Plaintiff has failed to mitigate her damages. Defendants further affirmatively plead that Plaintiff's recovery of compensatory and punitive damages cannot, in the aggregate, exceed the statutory maximum set forth at 42 U.S.C. 1981a(b)(3)(D). Defendants further affirmatively plead that Plaintiff cannot recover for any act or omission occurring more than 300 days prior to the filing of her underlying charge, and further cannot recover insofar as her claims exceed the scope of her underlying charge of discrimination. Defendants further affirmatively plead that insofar as a trier of fact should determine that the termination of Plaintiff's employment was unlawfully motivated, which Defendants specifically deny, Plaintiff's employment would

4832-7985-2135.4

have terminated in any event for a lawful and nondiscriminatory reason or reasons. Defendants further raise all defenses set forth in their pleadings as now before the Court and as may from time to time be amended.

    **A. Defenses to be Abandoned:** <u>None.</u>

**III.**    **Motions Pending:** <u>None.</u>

**IV.**    **Stipulations:**

    **A.**    **Jurisdiction Admitted:** <u>Yes.</u>

    **B.**    **Venue Appropriate:** <u>Yes.</u>

    **C.**    **Facts:** <u>None.</u>

    **D.**    **Law:** <u>None.</u>

**V.**    **Proposed Deadlines:**

    **A. Parties to be added by:** <u>July 13, 2018.</u>

    **B. Proposed discovery cutoff date:** <u>December 3, 2018.</u>

    **C. Fact witness lists to be exchanged by:** <u>September 12, 2018.</u>

    **D. Proposed Date for Expert Reports by Plaintiff and Defendant:**

        Plaintiff:    <u>October 1, 2018.</u>
        Defendant:    <u>October 31, 2018.</u>

**VI.**    **Fed. R. Civ. P. 26(f) Discovery Plan:**

    **A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?**

        <u>No.</u>

    **B. When were or will initial disclosures under Rule 26(a)(1) be made?**

    <u>The parties agree to exchange Initial Disclosures within 30 days of filing the Joint Status Report.</u>

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or

failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

**C. Should discovery be conducted in phases and /or should discovery be limited at this time to the particular subject matters or issues?**

> No.

**D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?**

> No.

> The parties agree to serve and exchange written discovery requests and responses to each other via their email as registered with the Court's electronic filing system or by other electronic means.

**E. Proposed number of fact and expert depositions:**

**1. To be allowed for Plaintiff:**    10 Fact Witnesses.
                                                               1 Expert Witness.

**2. To be allowed for Defendant:**    10 Fact Witnesses.
                                                                1 Expert Witness.

**F. Is there any need for any other special discovery management orders by the Court?**

> No.

**G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.**

**VII.   Are Dispositive Motions Anticipated?**

> Yes.

**If yes, describe them:**   Each party reserves the right to file a Motion for Summary Judgment.

**VIII.   Do All Parties Consent to Trial before the Assigned Magistrate Judge?**

> No.

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by

4832-7985-2135.4

the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.** **Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

> No.

**X.** **Settlement Plan (check one):**

> __X__   Settlement Conference Requested after:     __Discovery Cutoff.__
> Describe settlement judge expertise required, if any: __Employment law.__
>
> ____   Private Mediation Scheduled in _____ .
>
> ____   Other ADR (Explain)
>
> ____   ADR is not appropriate in this case (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

Plaintiff:     __Yes.__

Defendant:     __Yes.__

**XI.** **Does this case warrant special case management?**

> No.

**XII.** **Do the parties request that the Court hold a scheduling conference?**

> No.

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.** **Estimated trial time:**     __Three (3) days.__

**DATED this 11th day of June, 2018.**

**Read and Approved by:**

**\*/s/ J. Derek Ingle**
*\*Signed with Consent of Designated Counsel*
**J. Derek Ingle**, OBA # 16509
**BOETTCHER, DEVINNE, INGLE & WICKER, PLLC**
2202 E. 49th Street, Suite 600
Tulsa, OK 74105
(918) 728-6500 - telephone
(539) 664-4129 - facsimile
Derek.Ingle@bdiwlaw.com
*Attorneys for Plaintiff:*
*Nikole R. Collins*


**/s/ Raymond A. Cowley**
**Raymond A. Cowley**, Texas State Bar No. 04932400
**DYKEMA COX SMITH**
1400 North McColl Road, Suite 204
McAllen, Texas 78501
(956) 984-7400 – Telephone
(888) 868-2931 – Facsimile
rcowley@dykema.com
*Attorneys for Defendants:*
*Bottling Group, LLC and PepsiCo, Inc.*
*Admitted Pro Hac Vice*


**\*/s/ Randall J. Snapp**
*\*Signed with Consent of Designated Counsel*
**Randall J. Snapp**, OBA No. 11169
**CROWE & DUNLEVY**
321 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
(918) 592-9855 – Telephone
(918) 599-6335 – Facsimile
randall.snapp@crowedunlevy.com
*Attorneys for Defendants:*
*Bottling Group, LLC and PepsiCo, Inc.*
*Local Counsel*

4832-7985-2135.4

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

**J. Derek Ingle**, OBA # 16509
**BOETTCHER, DEVINNE, INGLE & WICKER, PLLC**
2202 E. 49th Street, Suite 600
Tulsa, OK 74105
(918) 728-6500 - telephone
(539) 664-4129 - facsimile
Derek.Ingle@bdiwlaw.com
*Attorneys for Plaintiff:*
*Nikole R. Collins*

**Randall J. Snapp**, OBA No. 11169
**CROWE & DUNLEVY**
321 South Boston Avenue, Suite 500
Tulsa, Oklahoma 74103
(918) 592-9855 – Telephone
(918) 599-6335 – Facsimile
randall.snapp@crowedunlevy.com
*Attorneys for Defendants:*
*Bottling Group, LLC and PepsiCo, Inc.*
*Local Counsel*

/s/ *Raymond A. Cowley*
Raymond A. Cowley

4832-7985-2135.4